IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00556-SKC-TPO

ESTATE OF JAMES PURDY, by and through its personal representative Marilyn Purdy, *et al.*,

    Plaintiffs,

v.

REGGIE MARINELLI, in her official capacity as Jefferson County Sheriff; *et al.*,

    Defendants.

---

**UNOPPOSED DESIGNATION OF NON-PARTY AT FAULT OUTSIDE TIME PRESCRIBED BY COLO. REV. STAT. § 13-21-111.5(3)(b)**

---

Pursuant to FED. R. CIV. P. 6(b)(1)(B) and D.C.COLO.LCIVR 6.1, the Sheriff Defendants[1] hereby respectfully request to submit their designation of non-party at fault pursuant to COLO. REV. STAT. § 13-21-111.5(3)(b). The Sheriff Defendants hereby give notice that they intend to assert at trial that the following non-party was wholly or partially responsible for Plaintiffs' alleged injuries and/or damages, if any, and, therefore, liability must be apportioned accordingly: the Golden office of the Office of the Colorado State Public Defender and Deputy State Public Defender Lindsay Stone. In support of this request, the Sheriff Defendants state as follows:

    1.    Undersigned counsel conferred with Plaintiffs' counsel, who does not

---

[1] Undersigned counsel adopts the naming conventions from the Sheriff Defendants' previous filings. [See, e.g., ECF 30 at 1, n.1.]

object to the relief sought herein.

2. Pursuant to COLO. REV. STAT. § 13-21-111.5(3)(b), the Sheriff Defendants' designation of non-parties as fault regarding Plaintiffs' negligence causing wrongful death claim pursuant to COLO. REV. STAT. §§ 13-21-201 to -204, was presumptively due May 21, 2025, which was ninety (90) days after Plaintiffs filed their Complaint. *See* COLO REV. STAT. § 13-21-111.5(3)(b) ("Negligence or fault of a nonparty may be considered . . . if the defending party gives notice that a nonparty was wholly or partially at fault within ninety days following commencement of the action unless the court determines that a longer period is necessary.").

3. The Sheriff Defendants respectfully request that the Court permit them to file the designation of non-party at fault contained herein outside the presumptive deadline set by COLO. REV. STAT. § 13-21-111.5(3)(b). *See Antolovich v. Brown Group Retail, Inc.* 183 P.3d 582, 592 (Colo. App. 2007) ("Section 13-21-111.5(3)(b) expressly permits a court to accept nonparty designations filed outside the ninety-day period when it determines that a 'longer period is necessary.' It does not require a determination that an untimely filing was also the product of excusable neglect.").

4. It was only upon receipt of Plaintiffs' responses to the Sheriff Defendants' first set of written discovery, which Plaintiffs provided on September 18, 2025, that the Sheriff Defendants had sufficient factual information to designate the Golden office of the Office of the Colorado State Public Defender and Lindsay Stone, Mr. Purdy's assigned public defender, as non-parties at fault. Notice is hereby given:

2

    a. Golden office of the Colorado State Public Defender (the "State Public Defender"), 560 Golden Ridge Road, Suite 100, Golden, Colorado 80401. The State Public Defender, through its public defenders, has an obligation to adequately represent individuals for whom it has been appointed as counsel. (*See* **Exhibit A**, Pltfs' Combined Disc. Resp. at 7-8.) At Mr. Purdy's initial hearing, Marilyn Purdy ("Ms. Purdy") made the State Public Defender aware that she did not understand how to post Mr. Purdy's bond and that Mr. Purdy suffered from serious medical conditions such Parkinson's and Dementia. (*See* **Exhibit B**, Mr. Purdy's June 26, 2023, advisement hearing transcript, at PURDY 001176 ("I don't know what it means to get a $10,000 bond.").) At that time, both Ms. Purdy and the State Public Defender acknowledged Mr. Purdy also displayed apparent competency concerns. (*Id.* at PURDY 001176, 001178.) Notwithstanding both Ms. Purdy's confusion about bond and Mr. Purdy exhibiting clear competency issues, the State Public Defender made no attempt to address either concern with Ms. Purdy.

    b. Lindsay Stone, Attorney Registration No. 51199, 560 Golden Ridge Road, Suite 100, Golden, Colorado, 80401 ("Ms. Stone"). On information and belief, Ms. Stone was appointed as Mr. Purdy's public defender on June 26, 2023. (*See* **Ex. A** at 7-8.) As detailed above, Ms. Purdy made the State Public Defender aware that she did not understand how to post bond and that Mr.

3

Purdy had serious medical conditions. (*See* **Ex. B** at PURDY 001176). After his initial advisement on June 26, 2023, neither Ms. Stone nor any other Deputy State Public Defender contacted nor visited Mr. Purdy for multiple weeks, notwithstanding the representation that Ms. Stone would be "available" within three to five days of Mr. Purdy's June 25, 2023, arrest. (**Ex. A** at 7-8.) Ms. Stone did not return calls from Ms. Purdy regarding his incarceration and medical conditions. Ms. Stone and the State Public Defender ignored Mr. Purdy as their client and did not have contact with Ms. Purdy until July 6, 2023, when Ms. Purdy allegedly had an initial phone call with Ms. Stone. (**Exhibit C**, July 7, 2023 Correspondence between Ms. Stone and Ms. Purdy, at PURDY 003819-20.) Although Ms. Stone ran into Ms. Purdy by chance on July 10, 2023, and learned that Mr. Purdy had been hospitalized, she does not appear to have followed up regarding his status for several days. (**Ex. A** at 8 (Ms. Purdy reports that Ms. Stone "confirmed she was Jim's public defender but was there to speak to another client. She told me . . . she would check Jim's status.")) Ms. Stone did not contact and does not appear to have attempted to contact Mr. Purdy until July 14, 2023, eighteen days the State Public Defender received notice of Mr. Purdy's incarceration, medical conditions, and lack-of-competency. (**Ex. A** at 7-8.)

Furthermore, after her initial visit to Mr. Purdy on July 14, 2023,

4

Ms. Stone obtained all information necessary to file her Motion for Emergency Bond Hearing, but Ms. Stone continued to ignore Mr. Purdy's condition for another four (4) days and did not file her motion until July 18, 2023. (**Ex. A** at 7-8; **Exhibit D**, Ms. Stone's Motion for Emergency Bond Hearing, at PURDY 001139-001141.) Ms. Stone had no justifiable reason for waiting to file her emergency bond motion and could have filed (or had another Deputy State Public Defender) her motion on July 14, 2023.

Upon information and belief, the State Public Defender and Ms. Stone's actions fell below the professional and ethical standards expected of a public defender to prioritize, visit, and advocate for an in-custody client, who has exhibited symptoms to indicate competency concerns and has reasonable legitimate grounds for an expedited bond reduction. Assuming the truth of the Complaint's allegations, then Ms. Stone's failure to act as a reasonable attorney must also be "deliberately indifferent to Mr. Purdy's obviously worsening symptoms as Mr. Purdy's mental and physical state became increasingly perilous." [ECF 1 at 87, ¶ 295.] Ms. Stone's actions were a direct and proximate cause of Plaintiffs' injuries.

5.  There is no prejudice to any party related to this designation as the case is still in its early stages. The Sheriff Defendants have filed and the parties have fully briefed a motion to dismiss all claims against them, which awaits a ruling. [*See* ECF 30, 66, 80.] Additionally, the Sheriff Defendants have moved to stay discovery and objected to the Magistrate Judge's ruling on that issue; that issue is also pending a

5

ruling by the Court. [*See* ECF 63, 68, 70, 81, 90, 93.] The parties have engaged in some written discovery.

6. Discovery is ongoing, and Sheriff Defendants are still reviewing over twenty (20) gigabytes of discovery sent from Plaintiffs. The Sheriff Defendants do not intend this designation of non-party at fault to be exhaustive and reserve the right to supplement this designation if Plaintiffs' theories of liability change, as additional non-parties at fault surface, and/or if future discovery reveals additional theories, facts, and information that demand allocation of liability to any non-party, including but not limited to any non-party identified in this designation.

7. Pursuant to D.C.COLO.LCIVR 6.1(b), undersigned counsel states that the Sheriff Defendants have not previously received an extension of time to file their designation of non-party at fault.

8. Undersigned counsel will serve this Motion on her clients contemporaneously with its filing pursuant to D.C.COLO.LCIVR 6.1(c).

WHEREFORE, the Sheriff Defendants respectfully request to submit the notice of designation of non-party at fault pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b) contained herein.

Respectfully submitted this 29th day of September, 2025.

JEFFERSON COUNTY ATTORNEY'S OFFICE

*/s/ Rebecca P. Klymkowsky*
Rebecca P. Klymkowsky
Assistant Deputy County Attorney
Benjamin Longnecker
Assistant County Attorney
Jefferson County Attorney's Office
100 Jefferson County Parkway, Suite 5500
Golden, Colorado 80419
T: 303.271.8913
rklymkow@jeffco.us
bclongne@jeffco.us
*Attorneys for Defendants Jefferson County Sheriff Regina Marinelli; Jefferson County Board of County Commissioners; Polly Abernathy; Adele Mann; Robert Diehl; Peter Nielsen; Kaitlyn Tuey; Samuel Van Alphen; Chase Van Wyk; Richard Vargas; Alex Esparza; Tina Mindykowski; Susan Wispeleare; Allen Erdmann; Aric Meyer; Kimberly Jensen; and K'Leigh Thomas.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Darold Killmer | dkillmer@killmerlane.com
Michael Fairhurst | mfairhurst@killmerlane.com
Maddie Lips | mlips@killmerlane.com
Killmer Lane, LLP
*Attorneys for Plaintiffs*

Jacqueline B. Sharuzi-Brown │ jackie@sharuzilaw.com
Stephanie Lynn Clark │ sclark@sharuzilaw.com
Sharuzi Law Group, Ltd.
*Attorneys for VitalCore Defendants*

7

John C. Matthews | jmatthews@wsteele.com
Douglas W. Poling | dpoling@wsteele.com
*Attorneys for Defendant Heng*

Tammy Pope | Tammy_Pope@comcast.net
60 South Dover Street
Lakewood, CO 80226
*Pro Se Defendant*

                                                 */s/ Beth Ann Jackson*
                                                 Beth Ann Jackson, Paralegal
                                                 Jefferson County Attorney's Office