| | |
|---|---|
| District Court, Jefferson County, Colorado<br>100 Jefferson County Parkway Golden, CO, 80401 | σ COURT USE ONLY σ |
| THE PEOPLE OF THE STATE OF COLORADO,<br>Plaintiff<br><br>v.<br><br>**JAMES PURDY**,<br>Defendant | DATE FILED: July 18, 2023 10:26 AM |
| MEGAN A. RING, State Public Defender<br>Lindsay S. Stone (Atty. No. 51199)<br>Deputy Public Defender<br>560 Golden Ridge Road, #100, Golden, CO 80401<br>Phone: (303) 279-7841      Fax: (303) 279-3082<br>Email: Lindsay.stone@coloradodefenders.us | Case No. 23CR1330<br><br><br><br>Division: J |
| **UNOPPOSED MOTION FOR EMERGENCY BOND HEARING [D1]** | |

Mr. Purdy, by and through undersigned counsel, hereby requests an emergency bond hearing. The People do not object to a bond hearing prior to July 25. As grounds therefore, Mr. Purdy states:

1. Mr. Purdy is currently being held in the Jefferson County Jail on a 10,000 cash only bond. He faces charges of attempted kidnapping, stalking, and harassment. Mr. Purdy does not have any criminal history, and is a CPAT category of 1.

2. Mr. Purdy is 76 years old and has lived in the same home in Arvada for over 30 years, where he lives with his wife of 43 years. He is not a flight risk.

3. Mr. Purdy has Parkinson's Disease (diagnosed in 2011), as well as severe Dementia (diagnosed in the last several years).

4. The Jail reached out to Court Staff, as well as undersigned counsel *specifically requesting* that Mr. Purdy's court date be moved up due to his significant health issues and the jail's difficulty in meeting his medical needs.

5. Since being jailed, Mr. Purdy has fallen down dozens of times, has his hit head multiple times, and has had to be transported by deputies to the hospital at least once for a suspected broken hip.

6. When counsel met with him, she had to be escorted directly to his jail cell in the medical unit in order to confer with him. Visible in his jail cell were blood stains lining the wall of his bed, and smeared blood all over his pillow. Deputies indicated to counsel that he had fallen and hit his head just that morning, and that this occurs daily. He had a visible open gash on the back of his head. He also had a large lump and abrasion on his forehead that was surrounded with purple/green bruising along the right side of his head.

7. During counsel's meeting with him he had dried blood below his nose and in his mustache, indicative of a bloody nose of some kind, open wounds and scabbing covering his arms and legs. His right arm was swollen and purple from a fall a few days prior. His legs, ankles and feet were significantly swollen due to poor circulation and lack of physical therapy.

8. Mr. Purdy is incontinent – each night he urinates in his bed, and often defecates in his clothing.

9. Counsel spoke with the deputies caring for him while in the medical unit – they emphasized the importance of Mr. Purdy being released from their care, and were hoping for a bond hearing that same day.

10. Due to Parkinson's Mr. Purdy is on a strict medication regimen in which the jail staff is tasked with medicating him every four hours, even in the middle of the night. He must take Rytary, Carbidopa, Levodopa, Quetiapine, Lexapro, Seroquel and specific aspirin prescribed by his cardiologist.

11. When at home, Mr. Purdy has an at-home CNA who comes to the house twice a week to bathe him and care for him. A physical therapist from the VA also visits the house twice a week to work on his muscles and mobility. Further, the VA has a respit person visit the house once a week for 4 – 6 hours to help with household projects and errands.

12. At home, Mr. Purdy has a walker on each level of the home, and has specialized medical equipment that he, his wife, and caregivers utilize in order to ensure his safety.

13. Mr. Purdy is an Army veteran who was honorably discharged. He receives medical care from the VA, as noted above. His VA doctor – Dr. Sarah Beck – is his attending physician and confirms his Parkinson's diagnosis and Dementia diagnosis.

14. Counsel firmly believes that Mr. Purdy is incompetent, and intends to raise the issue of competency. When that occurs, the waitlist for in-custody restoration is currently longer than a year; Mr. Purdy's life is in jeopardy if he remains in custody for that process. Further, the Jefferson County Jail would be unduly burdened by having to assign additional manpower and resources to ensure Mr. Purdy's safety.

15. Counsel has started receiving medical records from Mr. Purdy's wife, and has spoken with several of his family members over the last two weeks.

16. Mrs. Purdy has already taken his car keys, and has moved his truck so that Mr. Purdy will not have access to it. The alleged crime took place when Mr. Purdy was alone, and while he was away from his home in his truck. The Court can order that Mr. Purdy not be permitted to drive, and counsel has spoken with him about obeying that condition of bond. This condition would be the least restrictive means of protecting the public.

17. Should the Court deem it necessary, Mr. Purdy is also prepared to consent to a GPS monitor. Counsel has spoken about this condition with Mrs. Purdy, who understands that

18. due to Mr. Purdy's dementia a lot of burden will be placed on her to ensure his GPS monitor is charged, and that Mr. Purdy not have access to vehicles.

19. Counsel has discussed these issues with opposing counsel, DDA Glover. DDA Glover indicated that he has no objection to the Court hearing bond this week, so long as he has time to notify the victim about the court date change.

20. Because counsel intends to raise the issue of competency in county court, and the case will then be bound up per CJO, there is no need to retain the July 25 court date.

WHEREFORE Counsel for Mr. James Purdy respectfully requests his court date be moved up for an emergency bonding hearing this week.

Respectfully submitted,

MEGAN A. RING
COLORADO STATE PUBLIC DEFENDER

*/s/ Stone*
_____
Lindsay S. Stone (Atty. No. 51199)
Deputy State Public Defender
Dated: July 18, 2023

**Certificate of Service**
I hereby certify that on July 18, 2023 a true and correct copy of the foregoing document was served via ICCES on all parties who appear of record and have entered their appearance herein according to ICCES.

*/s/ Stone*