# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00556-SKC-TPO

ESTATE OF JAMES PURDY, et al.,

    Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY, *et al.*,

    Defendants.

---

**PLAINTIFFS' MOTION TO STRIKE DESIGNATION OF NON-PARTY AT FAULT BY THE SHERIFF DEFENDANTS [DOC. 117] AND JOINDER BY DEFENDANT VITALCORE AND THE INDIVIDUAL MEDICAL DEFENDANTS [DOC. 120]**

---

### CERTIFICATION PURSUANT TO D.C.COLO.LCivR. 7.1

1. Counsel for Plaintiffs, Madison Lips, certifies that she conferred with Rebecca Klymkowsky, counsel for the Sheriff Defendants, and Stephanie Clark, counsel for the VitalCore Defendants, via email on October 20, 2025, October 21, 2025, and October 30, 2025. The Defendants oppose this Motion to Strike.

### I. INTRODUCTION

The Sheriff Defendants provided notice of their designation of non-parties at fault pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b), naming both the Golden office of the Office of the Colorado State Public Defender and Deputy State Public Defender Lindsay Stone as alleged non-parties at fault. The untimely motion was made out of time, but Plaintiffs did not oppose the late filing of the Sheriff Defendants'

designation out of professional courtesy. Defendant VitalCore and the Individual Medical Defendants joined the out-of-time designation (making their effort to join untimely as well) without conferring with Plaintiffs and provided no certificate of conferral.

After reviewing Defendants' designation, it is clear that it is improper and ought to be stricken. The process under Colorado law for designation only applies to apportion fault for Plaintiff's claim of negligence causing wrongful death under Colorado state law, and Defendants' argument is that James Purdy's public defenders failed to perform their duties of competent legal representation quickly enough to save Mr. Purdy's life from the life-threatening conditions he was being forced to endure at the jail. This argument conflates the OSPD's and Ms. Stone's *duty of adequate legal representation* with Defendants' *duty of care to provide adequate medical care* under state law and fails to demonstrate how OSPD's and Ms. Stone's actions or inactions proximately caused Mr. Purdy's death. In sum, Defendants entirely fail to make out a *prima facie* case of negligence against OSPD and Ms. Stone. Under a proper analysis of the legal duty owed by the OSPD and Ms. Stone and the proximate cause of Mr. Purdy's death, the designation must be stricken.

## II.   LEGAL STANDARD

"Courts construe nonparty designation requirements strictly to avoid a defendant attributing liability to a nonparty from whom the plaintiff cannot recover." *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 80 (Colo. 2001). A nonparty-at-fault designation is improper when the moving defendant fails to establish a *prima facie* case that the potential nonparty breached a legal duty to the plaintiff. *Redden v.*

2

*SCI*, 2002 Colo. LEXIS 4 (Colo. Jan. 14, 2002). Therefore, where the claim subject to the designation of a nonparty-at-fault is negligence, the defendant must make out a *prima facie* case of each element of the claim, including that the nonparty-at-fault breached their duty of care. *See Stone v. Satriana*, 41 P.3d 705, 708-09 (Colo. 2002) (ruling nonparty designation appropriately stricken because it did not satisfy the element of "duty" in the liability equation, when the General Assembly intended nonparty designations to be only for individuals or entities that could be found legally liable).

To prevail on a claim of legal malpractice against an attorney, one must prove the attorney (1) owed a duty of care; (2) breached that duty; and (3) proximately caused damage. *See Rantz v. Kaufman*, 109 P.3d 132, 134 (Colo. 2005). "An attorney owes her client the duty 'to employ that degree of knowledge, skill, and judgment ordinarily possessed by members of the legal profession in carrying out the services for [her] client.'" *See Stone*, 41 P.3d at 712 (internal citations omitted). "The relevant focus of the inquiry is on what ordinary members of the profession would have done at the time the action was taken, thus excluding the benefit of hindsight." *Id.*

### III.  ARGUMENT

**A. OSPD and Ms. Stone did not breach their duty of care to Mr. Purdy.**

The Sheriff Defendants argue that "the State Public Defender and Ms. Stone's actions fell below the professional and ethical standards expected of a public defender to prioritize, visit, and advocate for an in-custody client, who has exhibited symptoms to indicate competency concerns and has reasonable legitimate grounds for an expedited bond reduction." [Doc. 117] at 5. Defendants complain that OSPD and Ms.

3

Stone failed to perform their legal duties *quickly enough* but fail to present any legal support that the OSPD and Ms. Stone's actions fell outside of "what ordinary members of the profession would have done…excluding the benefit of hindsight." *Stone*, 41 P.3d at 712. Indeed, Mr. Purdy's first advisement occurred on June 26, 2023, where he was represented by a public defender named Ms. Lucas. *See* [Doc. 117-2]. Over the next three weeks, the OSPD processed Mr. Purdy's case and assigned Ms. Stone as the public defender, who then gathered extensive medical documentation, visited Mr. Purdy, and interviewed him and his wife. Ms. Stone then promptly filed a detailed Motion for Emergency Bond Hearing on July 18, 2023. [Doc. 117-4]. With no support whatsoever for the contention that OSPD and Ms. Stone had a legal duty to perform these several significant steps *faster* than within three weeks (or that doing so would have relieved him of the unconstitutional conditions under which he was confined, as discussed below), Defendants have failed entirely to make out a *prima facie* case that OSPD and Ms. Stone violated their duty of care. On this basis alone, the designations should be stricken. *See Stone*, 41 P.3d at 708-09.

**B. OSPD and Ms. Stone did not cause Mr. Purdy's wrongful death.**

Defendants have also failed to make out a *prima facie* case that OSPD's and Ms. Stone's actions caused Mr. Purdy's death, as would be necessary for Plaintiffs to recover under the claim of negligence causing wrongful death. "To prove causation, the plaintiff must show, first, that, but for the alleged negligence, the harm would not have occurred." *Deines v. Atlas Energy Servs., LLC*, 2021 COA 24, *P12. Causation may be found where the negligent actor "sets in motion a course of events" that leads to the plaintiff's injury. *Groh v. Westin Operator, LLC*, 2013 COA 39, ¶ 50.

4

Defendants have failed to demonstrate a *prima facie* case of this first prong of causation. Defendants have not shown, and cannot show, that OSPD and Ms. Stone "set[] in motion" any "course of events" at all leading to Mr. Purdy's death. Furthermore, it is far from certain (beyond rank speculation) that an emergency bond hearing would have been granted earlier than it was if Ms. Stone had requested one, given that Mr. Purdy was in the hospital with deadly injuries by the time Ms. Stone filed her motion on July 18, 2023. Indeed, the evidence shows that the jail sent its own email inquiry to court staff requesting an emergency bond hearing, and that request was apparently denied. [Doc. 117-4] at 1. Thus, Defendants have failed to demonstrate that the harm would not have occurred but-for Ms. Stone's alleged delay in filing a motion for an emergency bond hearing.

"In addition to establishing but-for causation, the plaintiff must also demonstrate proximate cause…the plaintiff must prove that the harm incurred was a 'reasonably foreseeable' consequence of the defendant's negligence." *Deines*, 2021 COA 24, \*P13. "[F]oreseeability is the touchstone of proximate cause." *Westin Operator, LLC v. Groh*, 2015 CO 25, ¶ 33 n.5. Defendants have thoroughly failed to demonstrate a *prima facie* case of proximate cause. It was far from foreseeable to a public defender (with no medical training) that Mr. Purdy was at risk of serious injury and death as a result of being incarcerated for three weeks, particularly while being held in a facility that has its own constitutional and state law obligation to provide adequate medical care to incarcerated people. Surely defendants are not suggesting that Ms. Stone reasonably understood that Mr. Purdy would probably be badly injured or die if he remained in the custody of the jail.

5

Even if Defendants had demonstrated that the OSPD and Ms. Stone had committed legal malpractice (which they have not), Defendants' breaches of their own duties to Mr. Purdy under federal and state law constitute intervening causes that break the chain of causation. *See Albo v. Shamrock Oil & Gas Corp.*, 415 P.2d 536, 537 (1966) ("[A]n intervening cause that breaks the chain of causation from the original negligent act becomes the proximate cause of the plaintiff's injury, relieving the wrongdoer of liability."). Defendants' acts of negligence caused Mr. Purdy's death, and those negligent acts were unforeseeable to his public defenders.

## IV. CONCLUSION

Because Defendants have failed to prove that Plaintiffs could recover against the OSPD and Ms. Stone under their negligence causing wrongful death claim, the Sheriff Defendants' Designation of Nonparty-at-Fault and the VitalCore Defendants' joinder must be stricken.

### **Certificate Of Non-Use of Generative Artificial Intelligence**

Undersigned and drafting counsel certifies that no part of this Motion was drafted or otherwise prepared using generative artificial intelligence. *See* Sec. C.2. of Standing Order Civil Cases of Hon. S. Kato Crews.

DATED this 31st day of October 2025.

        KILLMER LANE, LLP

        *s/ Darold W. Killmer*
        Darold W. Killmer
        Michael Fairhurst
        Madison Lips
        1543 Champa Street, Suite 400
        Denver, CO 80202
        (303) 571-1000

(303) 571-1001 fax
dkillmer@killmerlane.com
mfairhurst@killmerlane.com
mlips@killmerlane.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2025, I filed the foregoing via CM/ECF, which will send notification to the following:

Rebecca Klymkowsky
Benjamin Longnecker
Assistant Deputy County Attorney
Jefferson County Attorney's Office
100 Jefferson County Parkway, Suite 5500
Golden, Colorado 80419
T: 303.271.8913
rklymkow@jeffco.us
bclongne@jeffco.us
*Attorneys for Defendants Jefferson County Sheriff Regina Marinelli; Jefferson County Board of County Commissioners; Polly Abernathy; Adele Mann; Robert Diehl; Peter Nielsen; Kaitlyn Tuey; Samuel Van Alphen; Chase Van Wyk; Richard Vargas; Alex Esparza; Tina Mindykowski; Susan Wispeleare; Allen Erdmann; Aric Meyer; Kimberly Jensen; and K'Leigh Thomas.*

Jacqueline Sharuzi
Stephanie Clark
Rachel E. Bandeira
Sharuzi Law Group, Ltd.
555 17th St Suite 975
Denver, CO 80202
(303) 226-0330
jackie@sharuzilaw.com
sclark@sharuzilaw.com
rbandeira@sharuzilaw.com
*Attorneys for Defendants Vitalcore Health Strategies, LLC; Esmeralda Ziegelmann; Brayden Smith; Myra Brock; Casey Castaneda; Kim Sanchez; Lavina Busby; Marshall McCurdy; Monica Jarrell; Curtis Murphy; Jerica Talcott; Cecelia Barbeite; Beverly Casarez; Angel Vargas; Lilia Fernandez; Breanna Andrews; Megan Page; Catherine Rowe; Emilsa Pereda*

John C. Matthews
Douglas W. Poling
White and Steele, P.C.

Dominion Towers, North Tower
600 17th Street, Suite 600N
Denver, CO 80202
(303) 296-2828
jmatthews@wsteele.com
dpoling@wsteele.com
*Attorneys for Defendant Anika Heng*

Robert A. Lees
Nicholas A. Cottrell
Robert A. Lees & Associates
5655 S. Yosemite St., Suite 350
Greenwood Village, CO 80111
(303) 292-1020
(303) 379-4735 fax
ral@RobertALees.com
ncottrell@robertalees.com
*Attorney for Defendant Tammy Pope*

          KILLMER LANE, LLP

          *s/ Jesse Askeland*
          Jesse Askeland, paralegal