IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 25-cv-00556-SKC-TPO

ESTATE OF JAMES PURDY, *et al.*,

    Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY, *et al.*,

    Defendants.

### ORDER GRANTING MOTION TO CERTIFY DEFENDANTS' INTERLOCUTORY APPEAL AS FRIVOLOUS

    Before the Court is Plaintiffs' Motion to Certify Defendants' Interlocutory Appeal as Frivolous. Dkt. 127. The Sheriff Defendants filed a Response. Dkt. 133. The Court held a hearing on the Motion on December 1, 2025. Dkt. 138.

    On October 28, 2025, the Sheriff Defendants filed a Notice of Interlocutory Appeal (Dkt. 121), providing notice of their appeal to the Tenth Circuit of this Court's earlier partial denial of their Motion to Stay Discovery. *See* Dkts. 81, 119. Plaintiffs now move the Court to certify the appeal as frivolous. They argue the Tenth Circuit Court of Appeals lacks jurisdiction over Defendants' appeal because the appeal solely involves a discovery order which is a non-appealable collateral order. Defendants respond that by denying the Motion to Stay, the Court denied the Sheriff Defendants'

1

qualified immunity, and the denial of qualified immunity is appropriately reviewable as an interlocutory appeal. They further argue "[s]uch an appeal permits the Sheriff Employees to vindicate their presumptive entitlement to the protections of qualified immunity in the face of discovery orders that are 'effectively unreviewable on appeal from a final judgment.'" Dkt. 133, p.4 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526-27 (1985)).

## LEGAL PRINCIPLES

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "Because this divestiture of jurisdiction is subject to abuse and can unreasonably delay trial," the Tenth Circuit has recognized "a procedure by which a district court may maintain jurisdiction over a defendant if the court certifies that the defendant's appeal is frivolous." *Langley v. Adams Cnty., Colo.*, 987 F.2d 1473, 1477 (10th Cir. 1993).

The Tenth Circuit has not established specific factors to analyze in determining whether an appeal is frivolous for purposes of retaining jurisdiction. But it has formulated a procedure for a district court to retain jurisdiction in the face of an interlocutory appeal, which includes: "(1) after a hearing and, (2) for substantial reasons given, (3) [the district court finds] the claim to be frivolous." *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990) (cleaned up). "An appeal is frivolous when

2

the result is obvious, or the appellant's arguments of error are wholly without merit." *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (cleaned up).

When, as here, an order is not final under 18 U.S.C. § 1291 for appeal purposes, courts consider whether appellate jurisdiction lays based on the collateral order exception under *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). "[T]o meet the *Cohen* exception to § 1291, an order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Boughton v. Cotter Corp.*, 10 F.3d 746, 749 (10th Cir. 1993) (citation omitted). Unless all three requirements are met, jurisdiction is not available under the collateral order doctrine. *Id.*

## ANALYSIS & FINDINGS

The appeal here fails at least on the first and third aspects of the *Cohen* test. The Court's partial denial of the Motion to Stay Discovery merely determined the question of whether the Sheriff Defendants would participate in limited discovery pending a ruling on their motion to dismiss, wherein these defendants raised qualified immunity. The Court's partial denial of the Motion to Stay Discovery did not conclusively determine the Sheriff Defendants' entitlement to qualified immunity,[1] which is how the Sheriff Defendants couch the issue in their Notice of

---

[1] If the Court's prior order had done so, there would be no need for Defendants' follow-on motion to dismiss based on qualified immunity.

3

Appeal and what they argued during the hearing on the current Motion. To be sure, the Court's determination of the Sheriff Defendants' entitlement to qualified immunity will be reviewable on appeal once the Court rules on their motion to dismiss. That motion has been fully briefed as of June 2025, and the Court will rule on it in due course—the Court has neither declined to rule on the question of qualified immunity nor deferred its ruling until trial. *See, e.g., Workman v. Jordan*, 958 F.2d 332 (1992) (district court's order postponing ruling on defendant's qualified immunity defense until trial was immediately appealable).

Nor does the Court find its prior order, which contains no merits ruling on qualified immunity, functionally deprives Defendants of rights secured by qualified immunity despite the Court's different approach from the district court in *Arroyo*. *Arroyo v. Myers*, No. 23-1137, 2024 WL 1714490, at *2 (10th Cir. Apr. 22, 2024) (appeal of non-interlocutory order denying motion to dismiss, without prejudice, but with corresponding stay by district court pending resolution of the appeal). This is in part because this case raises the novel issue of the inclusion of a state law claim which mirrors Plaintiffs' § 1983 claim but affords no qualified immunity defense to the Sheriff Defendants. *See* Colo. Rev. Stat. § 13-21-131; Colo. Const. Art. II, Sections 20 and 25. Meaning these defendants will necessarily participate in discovery as concerns this claim unless and until it is dismissed. And precedent makes clear that discovery, or limited discovery, is not wholly excluded simply at a defendant's mention of qualified immunity. *See Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009)

4

(Qualified immunity is a "*limited* entitlement not to stand trial or face the other burdens of litigation.") (emphasis added); *Crawford-El v. Britton*, 523 U.S. 574, 593 (1998) (stating its previous holding on that matter in *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), did not "create an immunity from *all discovery*" but rather from "the costs of broad-reaching discovery," and recognizing that "limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity.") (emphasis added); *Currier v. Doran*, 242 F.3d 905, 914, 916-17 (10th Cir. 2001) (Although qualified immunity protects public officials "from the costs associated with defending against lawsuits, particularly baseless ones, it does not follow that a defendant's claim of qualified immunity can always be resolved before at least some discovery is conducted.").

Importantly, the Supreme Court has stated "[t]he crucial question . . . is not whether an interest is important in the abstract; it is whether deferring review until final judgment so imperils the interest as to justify the cost of allowing immediate appeal of the *entire class of relevant orders*." *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 109 (2009) (emphasis added). As a Motion to Stay Discovery, the class of relevant orders involved here are pretrial discovery orders. The Tenth Circuit has made clear that pretrial discovery orders are not appealable on an interlocutory basis. *See, e.g., Boughton v. Cotter Corp.*, 10 F.3d 746, 749 (10th Cir. 1993) ("This circuit has repeatedly held that discovery orders are not appealable under the *Cohen* [collateral order] doctrine."). To be sure, "the Supreme Court has issued increasingly emphatic

instructions that the class of cases capable of satisfying this 'stringent' test should be understood as 'small,' 'modest,' and 'narrow.'" *Mohamed v. Jones*, 100 F.4th 1214, 1218 (10th Cir. 2024) (citing *United States v. Wampler*, 624 F.3d 1330, 1334 (10th Cir. 2010) (collecting Supreme Court cases)).

Because the Sheriff Defendants appeal a pretrial discovery order on an interlocutory basis, and because the Tenth circuit has repeatedly held that discovery orders are not appealable under the *Cohen* doctrine, the Sheriff Defendants' appeal is frivolous.

\*   \*   \*

For the reasons shared above, Plaintiffs' Motion to Certify Defendants' Interlocutory Appeal as Frivolous is GRANTED. The Court reassumes jurisdiction over the matters in dispute.

IT IS FURTHER ORDERED the Sheriff Defendants' Second Motion to Stay Discovery and Related Proceedings is respectfully DENIED.

DATED: December 4, 2025

BY THE COURT:

_____
S. Kato Crews
United States District Judge